of the second illegality was true in fact, it must have been known to defendant when he filed the first. Manifestly, therefore, the judgment of the court below in sustaining this last affidavit of illegality was wrong.

*Judgment reversed.*

---

THE GEORGIA RAILROAD & BANKING COMPANY *v.* RHODES.

This court having ruled that a cause of action was set forth in the declaration, and the evidence adduced at the trial being sufficient to support the declaration, the court did not err in refusing to grant a new trial.    84 *Ga.* 320.    *Judgment affirmed.*
July 13, 1891.

From Morgan superior court.    September term, 1890. Before Judge JENKINS.

J. B. CUMMING, J. A. BILLUPS and BRYAN CUMMING, for plaintiff in error.

FOSTER & BUTLER, *contra.*

---

SMALL, trustee, *et al. v.* GA. SO. & FLA. RAILROAD CO.

1. In condemnation proceedings to subject trust property to public use in the exercise of the right of eminent domain, the trustee is the proper party to represent the trust estate, and it is not necessary that the beneficiaries should be parties to the proceeding.
2. Under the charter of the Ga. So. & Fla. Railroad Co. and the amendments thereto, including the act of 1888, the company may condemn private property in the city of Macon for depot grounds and other necessary terminal facilities.
3. There was no error committed by the court on the trial, and the verdict was warranted by the evidence under the law.
July 13, 1891.    *Judgment affirmed.*

Eminent domain.    Trusts.    Parties.    Railroads. Verdict.    Before Judge MILLER.    Bibb superior court. April term, 1890.

The railroad company began proceedings to condemn certain property of Small as trustee for his wife and